UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BEJAMIN STRANGE

        Plaintiff,        **JURY TRIAL**

V.        CIVIL ACTION NO

CARDWORKS SERVICING, LLC

Defendant.        DECEMBER 14, 2010

**COMPLAINT**

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; and regulations issued thereunder; and the Connecticut Unfair Trade Practices ("CUTPA"), Conn. Gen. Stat. § 42-110a.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in New Haven, CT.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a "Collection Agency" within the Connecticut Consumer Collection Agency Act 36a-800.

6. Defendant CardWorks Servicing, LLC is a debt collector within the FDCPA and the Act defines "debt collector[s]" as those who "regularly collect or attempt to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." §1692a(6).

7.  Defendant has a principal place of business located at 225 West Station Square Drive, Pittsburgh, PA 152196.

8.  Defendant CardWorks Servicing, LLC has been calling my client using an auto dialer and purposefully left out of the messages any information disclosing that they were a debt collector or that the call had been made for the purpose of collecting a debt. The Fair Debt Collection Practices Act specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector. See 15 U.S.C. § 1692e (11). *Edwards v. Niagara Credit Solutions, Inc*. (11Cir. 2009).

9.  Plaintiff called the Defendant on November 18, 2010, in an attempt to dispute the alleged debt.

10.  The Defendant through a collection agent failed to advise the Plaintiff of the required Notice pursuant to §1692e (11).

11.  The Defendant advised the Plaintiff that his company was "an extension of Geico Credit Card" and failed to advise that they were a debt collector and or collection agency as required by the FDCPA and Connecticut Collection Agency Act.

12.  Plaintiff through the undersigned counsel sent a letter of representation to the Defendant via facsimile on November 19, 2010.

13.  Defendant was aware of the representation or should have been aware o the Plaintiff's representation.

14.  Defendant mailed a collection letter to the Plaintiff post marked on November 22, 2010.

15.  Defendant does not have procedures in place to avoid the aforementioned violations.

**SECOND COUNT**

16. The allegations of the First Count are repeated and realleged as if fully set forth herein.

17. Defendant has committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a et seq., including but not limited to communicating with a represented consumer, leaving voicemail messages without proper disclosure.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law including $1,000 statutory damages against the Defendant on Count I;

2. Award plaintiff such damages as are permitted by law including $1,000 statutory damages against the Defendant on Count II;

3. Award the Plaintiff costs of suit and a reasonable attorney's fee;

4. Award declaratory and injunctive relief, and such other and further relief as law may provide.

          THE PLAINTIFF

          BY_____
          Bernard T. Kennedy, Esquire
          The Kennedy Law Firm
          157 Pine Orchard Road
          Branford, CT 06405
          (443) 607- 8901
          (443) 607-8903 Fax
          Fed. Bar # ct00680
          bernardtkennedy@yahoo.com